UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREAT WEST CASUALTY COMPANY,

Plaintiff,

v.

DJT TRANSPORT, INC., *et al.*,

Defendants.

Case No. 1:26-cv-02461-KES-EPG

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DJT TRANSPORT, INC. AND OLMAN SANTOS BE DENIED

(ECF No. 18)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

Plaintiff Great West Casualty Company ("Plaintiff") moves for default judgment against Defendants DJT Transport, Inc. ("DJT") and Olman Santos ("Santos") on claims for declaratory relief arising from an insurance coverage dispute.[1] (ECF No. 18).

For the reasons given below, the Court will recommend that Plaintiff's motion for default judgment be denied.

## I. BACKGROUND

On August 19, 2024, Santos filed an action in California Superior Court against Palogix International Limited and Palogix International USA (collectively, the "Palogix Defendants"), asserting claims for negligence and premises liability based on injuries he sustained while picking up bins on premises controlled by Palogix ("the underlying action"). (ECF No. 1-1). The Palogix Defendants subsequently filed a cross-complaint in the underlying action against Santos; DJT, the

[1] The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19).

trucking company owned by Santos; and J. Delgadillo Trucking ("Delgadillo"), the trucking company that hired Santos and/or DJT to pick up the bins at issue at the Palogix facility, asserting claims for negligence and equitable indemnity and apportionment of fault. (ECF No. 1-2). Plaintiff was informed of the cross-complaint in the underlying action on August 5, 2025, by Santos' personal counsel, and Plaintiff agreed to defend Santos, DJT, and Delgadillo in the underlying action subject to reservation of rights letters based on a commercial automobile liability policy it issued to DJT. (ECF No. 1 at 5; ECF No. 18 at 6).

On December 10, 2025, Plaintiff issued written disclaimers of coverage to Santos, DJT, and Delgadillo, advising them that it did not owe them defense or indemnity in the underlying action because coverage was excluded under the policy issued to DJT. (ECF No. 1 at 5). After Santos, DJT, and Delgadillo failed to withdraw their tender of defense of the underlying action, (*id.*), Plaintiff filed its complaint in this action on March 30, 2026, against DJT, Santos, Delgadillo, and the Palogix Defendants, *see* (ECF No. 1). Plaintiff "seeks a determination of the parties' rights, duties, and obligations under the policy it issued to DJT." (*Id.* at 2).

After DJT and Santos failed to respond to the complaint, Plaintiff obtained a clerk's entry of default against these defendants under Federal Rule of Civil Procedure 55(a). (ECF Nos. 12, 13). Delgadillo filed its answer to the complaint on June 18, 2026, (ECF No. 15), and the Palogix Defendants filed their answer on July 9, 2026, (ECF No. 16). The Palogix Defendants were subsequently dismissed from this action. *See* (ECF Nos. 17, 20).

On July 10, 2026, Plaintiff moved for default judgment against DJT and Santos. (ECF No. 18). In support of its motion, it has filed the declaration of its attorney, Linda Morrison, the declaration of a process server, Albert Moles, and the declaration of its Senior Claims Specialist, Michael Bissey. (ECF Nos. 18-1, 18-2, 18-3).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a defendant who has failed to defend a case. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the Court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

However, under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, of the claims or parties only if the court expressly determines that there is no just reason for delay." Delay is warranted when default judgment against one defendant would necessarily lead to a judgment adverse to the interests of non-defaulting parties. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, at 1189 (9th Cir. 2009). As set forth by the Ninth Circuit, "[i]t has long been established that, where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of final judgment, let alone a judgment fatal to the interests of other parties." *Id.* Indeed, "[t]he argument for permitting another party to proceed [to the merits] is especially powerful in the context of third-party liability insurance, where the insured may lose interest and the injured party has the primary motivation to pursue the claim." *Id.*

## III. DISCUSSION

The Court will recommend that Plaintiff's motion be denied without prejudice. The Court cannot find that there is no just reason for delay in entering judgment as to some but not all parties. Plaintiff asserts the same claims for declaratory relief against the defaulting defendants, DJT and Santos, as the non-defaulting defendant, Delgadillo, regarding insurance coverage owed by Plaintiff in the underlying lawsuit. Specifically, Plaintiff contends, at least in part, that the "Movement of Property By Mechanical Device Exclusion in the Commercial Auto Coverage Part" bars coverage for Santos, DJT, and Delgadillo. (ECF No. 1 at 16-17). Delgadillo has appeared in this action and filed an answer to the complaint in which it denies the allegations for declaratory relief asserted against it. (ECF No. 15). If the Court grants default judgment in favor of Plaintiff, Delgadillo's rights will be adversely impacted by a declaration that that portion of the policy bars coverage. For this reason, it would be inappropriate to grant default judgment to Plaintiff based on the failure of DJT and Santos to appear and defend in this case. Default has not

been entered against Delgadillo, and "so there is not [a] valid basis to deny it the opportunity to try to defend against [Plaintiff's] claim for declaratory relief." *Westchester Fire Ins. Co.*, 585 F.3d at 1190; *see also Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*, No. 15-cv-00797-JST, 2016 WL 5930289, at *13 (N.D. Cal. Oct. 11, 2016) ("There is just reason to delay the entry of default judgment when there are multiple defendants—only some of whom have defaulted—and the court has not yet adjudicated the claims as to the non-defaulting defendants."); *J & J Sports Prods., Inc. v. Pagliaro,* No. 1:12-cv-001507-LJO-SAB, 2013 WL 4402808, at *2 (E.D. Cal. Aug. 15, 2013) (citing *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)) ("[I]n a case where the defendants are similarly situated so that they would have similar defenses, entering default judgment against the defaulting defendant could lead to an inconsistent result if the non-defaulting party were to ultimately prevail in the action."); *Trinchitella v. Am. Realty Partners, LLC*, Case No. 2:15-cv-02365-DAD-JDP, 2023 WL 5929367, at *3 (E.D. Cal. Sept. 12, 2023) ("Significantly, plaintiff's claims against Zarinegar remain pending. Should Zarinegar successfully defend against plaintiff's claims, there is a potential for inconsistent judgment."), adopted by 2023 WL 6308418, at *1 (E.D. Cal. Sept. 28, 2023).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons given, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment, (ECF No. 18), be DENIED without prejudice.[2]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number.**

---

[2] *See Woo v. United Express Grp., Inc.*, Case No. 2:22-cv-1253-DAD-JDP, 2025 WL 796016, at *3 (E.D. Cal. Mar. 13, 2025) (recommending denying plaintiff's motion for default judgment as to less than all defendants under Rule 54(b)), adopted by 2025 WL 959203, at *1 (E.D. Cal. Mar. 31, 2025); *Scottsdale Ins. Co. v. Agrigenix, LLC*, Case No. 1:23-cv-01548-JLT-EPG, 2024 WL 3494174, at *3-4 (E.D. Cal. July 22, 2024) (same), adopted by 2024 WL 3718160, at *1 (E.D. Cal. Aug. 8, 2024).

**No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE